The order below is hereby signed.

Signed: May 2 2019



*S. Martin Teel, Jr.*
*United States Bankruptcy Judge*

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLUMBIA

IN RE
LORIE LYNN RONES                    :   Chapter 13 Case No. 18-00728-SMT
 Debtor

## ORDER CONFIRMING SIXTH AMENDED PLAN FILED APRIL 26, 2019

The debtor's sixth amended plan filed herein on **April 26, 2019**, having been transmitted to all scheduled creditors;

It having been determined after notice and opportunity to object to confirmation with hearing on or after **April 26, 2019**;

1. That the debtor's sixth amended plan filed herein on **April 26, 2019**, (hereinafter, the "Plan"), complies with the provisions of Chapter 13 of Title 11, U.S. Code, and with the other applicable provisions of Title 11;

2. That the fee, charge or amount required under Chapter 123 of Title 28, U.S. Code, or by the Plan, to be paid before confirmation, has been paid;

3. That the Plan has been proposed in good faith and not by any means forbidden by law;

4. That the value, as of the effective date of the Plan, of property to be distributed under the Plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7 of Title 11 on such date;

5. That each holder of an allowed secured claim provided for by the Plan has accepted the Plan; or that the Plan provides that each holder of an allowed secured claim shall retain its lien securing such claim until the earlier of the payment of the underlying debt determined under nonbankruptcy law; or discharge under §1328 and if the case under this chapter is dismissed or converted without completion of the plan, such lien shall be retained by such holder to the extent recognized by applicable nonbankruptcy law; and the value, as of the effective date of the Plan, of property to be distributed under the Plan on account of  such claim is not less than the allowed amount of such claim and if property to be distributed is in the form of periodic payments, such payments shall be in equal monthly amounts and if the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan; or the debtor surrenders the property securing such claims to each such holder;

6. That the debtor will be able to make all payments under the Plan and to comply with the Plan;

7. That the action of the debtor in filing the petition was in good faith;

8. That the debtor has paid all amounts that are required to be paid under a domestic support obligation.

9. That the debtor has filed all applicable Federal, State and local tax returns as required by §1308.

10. That the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount of such claim or that the debtor has committed the projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan and will be applied to make payments to unsecured creditors under the plan, and it is therefore,

ORDERED, that the debtor's plan is hereby <u>CONFIRMED</u>, and it is further,

ORDERED, that the debtor continue to turn over, either directly or through debtor's employer/income source, to the Trustee, Nancy Spencer Grigsby of PO Box 853 Memphis, TN  38101-0853, the minimum sum of **$400.00 per month for 60**, or until notice by the Trustee that the debtor's plan has been completed or until further order of this Court, and it is further,

ORDERED, that notwithstanding 11 USC §1327(b), confirmation of the plan shall not vest the property of the estate in the debtor(s) until the plan has been completed and the court has entered a discharge order (or if no discharge was obtained, until the court has entered an order closing the case or an order discharging the Trustee), and it is further,

ORDERED, that funds received and deposited prior to midnight of the date of entry of a dismissal order shall be distributed in accordance with the terms of the confirmed plan, and it is further,

ORDERED, that if the Trustee gives notice to the debtor and a creditor as to the Trustee's determination of whether the creditor's claim fits under paragraph B or C of the confirmed plan, and gives notice of a 21-day opportunity to object to that determination, and if no objection is filed within 21 days of the date of the Trustee's notice, then the Trustee's determination will be binding without the necessity of further order of the court, and it is further,

ORDERED, that notwithstanding 11 USC §1327(c), if a timely proof of claim has not been filed for a claim, the property vesting in the debtor under 11 USC §1327(b) shall remain subject to any lien securing the claim except to the extent that the claim would not be an allowed secured claim under 11 USC §506(a) and the claim is discharged under 11 USC §1328, and it is further,

ORDERED, that, unless a lien is avoided, the holder of a claim secured by such a lien (1) will retain its lien until the underlying debt, determined under nonbankruptcy law, is paid (or the holder is paid the amount the plan provides is to be paid to satisfy the lien debt), and (2) will retain the lien if no proof of claim is filed for the lien claim or any and all proofs of claim for the lien are disallowed as untimely, and it is further

ORDERED, that no party in interest having sought to bar confirmation of the debtor's plan by invoking §521(i)(1), and it appearing that the debtor complied with the requirements of §521(a)(1), it is,

ORDERED, that this case is not subject to automatic dismissal under §521(i)(1), and the debtor is not required to file any further document pursuant to §521(a)(1)(B) to avoid automatic dismissal of this case, without prejudice to the right of any party in interest to request by motion that the debtor be ordered to file further information described in §521(a)(1)(B), and without prejudice to the Trustee's right to obtain any information from the debtor by authorized means, and it is further,

ORDERED, that notwithstanding any provision of the Plan to the contrary, the Trustee's percentage fee shall be fixed and governed by 28 U.S.C. §586(e) and any Order of the Attorney General of the United States, and it is further,

ORDERED, that the debtor shall notify the Trustee and this Court in writing of any change in address and/or employment/income source within ten (10) days of the change.

cc:    Lorie Lynn Rones
       2920 Pennsylvania Ave, SE
       Washington, DC 20020

       Kevin D. Judd
       bkadmin@juddlawfirm.com

       Nancy Spencer Grigsby, Chapter 13 Trustee
       grigsbyecf@ch13md.com